IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYRONE GUINN, ) | |
| ) | |
| Petitioner, ) | |
| ) | **CONSOLIDATED** |
| v. ) | Civil Action No. 06-468-GMS |
| ) | Civil Action No. 07-625-GMS |
| ) | |
| PERRY PHELPS, ) | |
| Warden, and ATTORNEY ) | |
| GENERAL OF THE STATE ) | |
| OF DELAWARE, ) | |
| ) | |
| Respondents.[1] ) | |

Tyrone Guinn. *Pro se* petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**[2]

April 15, 2008
Wilmington, Delaware

---

[1]Perry Phelps assumed office in January 2008, replacing former warden Thomas Carroll, an original party to this case. *See* Fed. R. Civ. P. 25(d)(1).

[2]This case was originally assigned to the Vacant Judgeship, and re-assigned to the undersigned on February 1, 2008.

Sleet, Chief Judge

## I. INTRODUCTION

Presently before the court is petitioner Tyrone Guinn's ("Guinn") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2 in Civil Action No. 06-468; D.I. 1 in Civil Action No. 07-625.) Guinn is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. For the reasons that follow, the court will dismiss his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On June 30, 2004, Correctional Officers Malcolm Shannon and Neil Stevens brought Guinn, an inmate in the maximum security unit of the Delaware Correctional Center, to a small, caged exercise yard. The officers then escorted Ernest Hill, another inmate, to the shower. As the officers and Hill passed the exercise yard on the way to the shower, Guinn and Hill had a brief conversation. Immediately thereafter, Officer Shannon was hit in the side of the head by fluid composed of urine and feces. Although neither officer saw Guinn throw the fluid, he was the only person present in the yard, and Officer Stevens saw Guinn holding a small container. *See generally Guinn v. State*, 2006 WL 506433 (Del. 2006).

As a result of this incident, a three count indictment charged Guinn with assault in a detention facility for: (1) striking Officer Shannon with the bodily fluid (count I); (2) hitting Officer Stevens with a small amount of fluid (count II); and (3) struggling with Officer Stevens while handcuffed (count III). *Id.* at *1 n.1. A trial was held before a Delaware Superior Court jury in May 2005. At the end of the trial, the Superior Court judge denied Guinn's motion for a judgment of acquittal on all three counts of assault in a detention facility. The jury convicted Guinn of the first count of assault, entered a not guilty verdict on the second count of assault,

and acquitted Guinn of the third count of assault. *See Guinn v. State*, 894 A.2d 406 (Table), 2006 WL 506433 (Del. Feb. 28, 2006).

Guinn appealed, arguing that the Superior Court erroneously denied his motion for a judgment of acquittal on the first count because the State failed to present sufficient evidence of his intent to assault Officer Shannon. *Id.* at *1. The Delaware Supreme Court held that the evidence created a triable issue of fact regarding Guinn's intent, and affirmed Guinn's conviction and sentence. *Id.*

Thereafter, Guinn filed several motions for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motions"), in October 2005, November 2005, December 2005, April 2006, and June 2006. (D.I. 33.) The Superior Court denied Guinn's first three Rule 61 motions because Guinn's direct appeal was still in progress at the time of filing. (D.I. 33, *State v. Guinn*, ID No.0411013992, Letter Order, Johnston (Del. Super. Ct. Jan. 12, 2006)) The Superior Court denied Guinn's April 2006 Rule 61 motion and a motion for new trial after determining the ineffective assistance of counsel claims were meritless, the illegal sentence claim was meritless, and the claim alleging error on the part of the Superior Court for denying his motion for acquittal was procedurally barred by Rule 61(i)(3). *State v. Guinn*, 2006 WL 1454811 (Del. Super. Ct. May 25, 2006). Guinn did not appeal the decision of the Superior Court.

The Superior Court denied Guinn's June 2006 Rule 61 motion as procedurally barred by Rule 61(i)(2) and (4). *State v. Guinn*, 2006 WL 2441945 (Del. Super. Ct. Aug. 16, 2006). Guinn did not appeal that decision.

Guinn timely filed the instant petition in July 2006, asserting one claim that the Superior

Court erroneously denied his motion for acquittal. The State filed an answer, asking the court to deny the claim raised as procedurally barred. (D.I. 23.)

On October 12, 2007, Guinn filed another federal habeas petition in this court. *See Guinn v. Carroll*, Civ. A. No. 07-625-GMS. Although the new petition contains two claims ostensibly challenging the Delaware Supreme Court's September 2007 decision affirming one of Guinn's more recent Rule 61 motions, the new petition actually challenges the same conviction challenged in Guinn's first habeas petition, namely, his conviction for assault while in a detention facility.[3] *See Guinn v. Carroll*, Civ. A. No. 07-625-GMS. Rather than deny the October 2007 petition as an improper attempt to add a new claim to his first petition, the court consolidated the two proceedings. *See* (D.I. 38.)

## III. EXHAUSTION AND PROCEDURAL DEFAULT

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One pre-requisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of

---

[3]The new petition contains two claims: (1) the same insufficient evidence claim raised in his original petition; and (2) a new claim asserting that the Superior Court should have conducted an evidentiary hearing before denying the ineffective assistance of counsel claims raised in several of his Rule 61 motions. *See Guinn v. Carroll*, Civ. A. No. 07-625-GMS.

3

the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). If the petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51; *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a

fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## IV. DISCUSSION

Guinn asserts two claims for relief in this consolidated proceeding: (1) the Superior Court erred in denying his motion for acquittal on count one because there was insufficient evidence of his identity to support the conviction; and (2) the Superior Court erred by not holding an evidentiary hearing to consider his claims that counsel provided ineffective assistance by failing to subpoena and cross-examine defense witnesses and by failing to following Delaware Supreme Court Rule 26 on direct appeal. (D.I. 2 in Civil Action No. 06-468; D.I. 1 in Civil Action No. 07-625.)

### A. Claim one

Guinn's first ground for relief contends that the State failed to establish the identity of the assailant because the two correctional officers did not actually see Guinn throwing the liquid. After reviewing the record, the court concludes that Guinn did not exhaust state remedies for this claim. First, the only issue before the Delaware Supreme Court on direct appeal was whether the State proved the intent element of assault in a detention facility, and not, as asserted here, that the

5

State failed to prove the identity of the perpetrator. Consequently, the insufficient evidence claim asserted in Guinn's direct appeal did not satisfy the "fair presentation" component of the exhaustion requirement for claim one.

Moreover, the Guinn's post-conviction motions did not exhaust state remedies. Although Guinn did assert the version of claim one presented here to the Superior Court in his April 2006 Rule 61 motion, the Superior Court denied the claim as procedurally barred by Rule 61(i)(3) due to his failure to assert the issue on direct appeal. *Guinn*, 2006 WL 1454811, at *3. Guinn did not appeal the Superior Court's decision, and the time-period for filing an appeal has long expired. *See* Del. Supr. Ct. R. 6 (30 days). Additionally, at this juncture, Rule 61(i)(4) would bar Guinn from pursuing further review of the claim in state court via a new Rule 61 motion because the claim would be viewed as previously adjudicated. *See, e.g., Guinn*, 2006 WL 2441945 (Del. Super. Ct. Aug. 16, 2006)(where Guinn raised claim one to the Superior Court in a Rule 61 motion, and the Superior Court denied the claim as barred by Rule 61(i)(4)); *White v. Carroll*, 416 F. Supp. 2d 270, 281 n.10 (D. Del. 2006); *Kennedy v. Kearney*, 1996 WL 534877, at *2-3 (D. Del. 1996).

Given Guinn's inability to pursue further review of claim one in the Delaware state courts, the court must excuse Guinn's failure to exhaust state remedies and treat the claim as exhausted. Nevertheless, the claim is still procedurally defaulted, and the court can only review the merits of claim one if Guinn demonstrates cause for, and prejudice resulting from, his default of the claim, or that a miscarriage of justice will result in the absence of such review.

Guinn does not assert any explicit reason for his procedural default of claim one. To the extent claim two can be interpreted as asserting ineffective assistance of counsel as cause for the

failure to raise the instant insufficient evidence claim on direct appeal,[4] it fails. Guinn did not assert the issue of counsel's failure to raise this particular insufficient evidence claim (Guinn's identity) in any of his state collateral proceedings or in his subsequent post-conviction appeals. Consequently, the instant ineffective assistance of counsel allegation is itself procedurally defaulted, and cannot excuse Guinn's procedural default of claim one. *See* Del. Super. Ct. Crim. Rule 61(i)(2); *Edwards v. Carpenter*, 529 U.S. 446, 453-54 (2000).

In the absence of cause, the court will not address the issue of prejudice. Additionally, the miscarriage of justice exception does not excuse Guinn's procedural default, because he has not provided new, reliable evidence of his actual innocence. Accordingly, the court will deny claim one as procedurally barred.

## B. Claim two

In claim two, Guinn complains that the Superior Court should have held an evidentiary hearing on the ineffective assistance of counsel claims raised in his March 2007 Rule 61 motion. *See State v. Guinn*, ID No. 0411013992, Order, Johnston (Del. Super. Ct. Apr. 17, 2007)(Superior Court's decision denying Guinn's ineffective assistance of counsel claim without an evidentiary hearing). This claim fails to assert an issue cognizable on federal habeas review because it challenges the procedure utilized by the Superior Court in a state collateral proceeding. *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004)("alleged errors in [state] collateral

---

[4]The court notes that Guinn filed a document titled "Motion for Objection," in which he states he should have been given a deadline for filing a reply to the State's answer. (D.I. 35.) Contrary to Guinn's assertion, Rule 5 of the Habeas Rules, 28 U.S.C. foll. § 2254, does not require a petitioner's reply to the State's answer. However, in an exercise of caution, the court will consider claim two raised in Guinn's second habeas petition as an attempt to establish counsel's performance as cause for his default of claim one.

proceedings . . . are not a proper basis for habeas relief."); *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998)( the "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's **collateral** proceeding does not enter into the habeas proceeding.")(emphasis in original). Accordingly, the court will deny the claim for failing to present a proper basis for federal habeas relief.

## V. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

For the reasons stated above, the court concludes that Guinn's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, the court will not issue a certificate of appealability.

## VI. CONCLUSION

For the foregoing reasons, the court will deny Guinn's application for habeas relief filed pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYRONE GUINN, ) | |
| ) | |
| Petitioner, ) | |
| ) | **CONSOLIDATED** |
| v. ) | Civil Action No. 06-468-GMS |
| ) | Civil Action No. 07-625-GMS |
| ) | |
| PERRY PHELPS, ) | |
| Warden, and ATTORNEY ) | |
| GENERAL OF THE STATE ) | |
| OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**ORDER**

For the reasons set forth in the memorandum opinion issued this date, IT IS HEREBY ORDERED that:

1. Petitioner Tyrone Guinn's Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **DISMISSED**, and the relief requested therein is **DENIED**. (D.I. 2 in Civil Action No. 06-468; D.I. 1 in Civil Action No. 07-625.)

2. The court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

_April 15, 2008_
DATE

_[signature]_
CHIEF, UNITED STATES DISTRICT JUDGE

FILED
APR 1 5 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE